ROBERTSON, Justice.
Appellant, Denis Paul Shillingford, has appealed to this Court from an order of the Circuit Court of Sunflower County dismissing his petition for writ of habeas corpus.
On January 19, 1973, Shillingford was convicted in the Circuit Court of the First Judicial District of Hinds County on two counts of assault and battery with intent. He was sentenced to serve two concurrent sentences of ten years each with three years suspended in the Mississippi State Penitentiary.
In October, 1973, Shillingford was convicted in the United States District Court for the Southern District of Missisippi on federal conspiracy charges. He was sentenced to serve two concurrent seven-year *718 sentences, and one consecutive five-year sentence.
On May 10, 1972, the United States Marshal addressed the following letter to the sheriff of Hinds County:
“We have a Magistrate’s Final Commitment for the above-named defendant who is reported to be in your custody.
“Please place a detainer against this person for us, and advise this office of the release date in order that a deputy United States Marshal may be present to take him in custody on our writ.”
On January 19, 1973, Shillingford was transferred to the State Penitentiary at Parchman. On March 12, 1974, Shilling-ford appeared before the Parole Board. He testified as to what happened:
“Really they only asked me one question — was it my wish to be paroled to my federal detainer — and I said, yes, it was —and they said they would be contacting me in a few days.”
On March 20, 1974, the following letter was written to Shillingford:
“Date: March 20, 1974
“Name: Dennis Paul Shillingford
“Number: 36828 Camp: Eight
“It was the opinion of the Parole Board at the March 1974 meeting that you should be released to your Detainer Only. You will be released when the Proper Authorities come to assume custody of you.
“Sincerely,
/s/ Henry C. Williams
Henry C. Williams Resident Parole Officer Parchman, Mississippi”
On March 22, 1974, a letter was written by the same Henry C. Williams, Resident Parole Officer at Parchman, to the United States Marshal in Jackson, Mississippi. The letter stated:
“It is a specific condition of this Parole that this subject is to be released to his Detainer Only. Should the charge or charges which resulted in this Detainer you filed is dropped, retired to the files, or otherwise disposed of, it is the Detaining Authorities responsibility to return said subject to the Mississippi State Penitentiary. Where at a later date a Parole plan to Society may be arranged at the discretion of the Mississippi Parole Board. It is our boards decision that said subject must remain in your custody (Detaining Authourities) (sic) at all times until he is returned to the Mississippi State Penitentiary, Parchman, Mississippi.” [Emphasis added].
On April 8, 1974, Shillingford was released to the United States Marshal, with the following proviso typed into his printed Certificate of Parole:
“IT HAS BEEN EXPLAINED TO ME AND I UNDERSTAND THAT IF THE CHARGES WHICH RESULTED IN A DETAINER BEING PLACED AGAINST ME ARE DROPPED OR RETIRED TO THE FILES, I MUST BE RETURNED TO THE MISSISSIPPI STATE PENITENTIARY TO BE CONSIDERED FOR A PAROLE PLAN BY THE MISSISSIPPI PROBATION AND PAROLE BOARD. SINCE THIS PAROLE IS TO A DE-TAINER ONLY, IT IS THE RESPONSIBILITY OP THE DETAINING AUTHORITY TO RETURN SUBJECT TO PARCHMAN, PRIOR TO ANY TYPE RELEASE, BEFORE THE EXPIRATION DATE OF THIS PAROLE CERTIFICATE, PLEASE CONTACT MR. J. C. McDONALD, CHAIRMAN, PROBATION AND PAROLE BOARD, JACKSON, MISS. 39201.” [Emphasis added].
When the Deputy U. S. Marshal picked up Shillingford at Parchman on April 8, 1974, he signed this Receipt:
“THIS ACKNOWLEDGES THAT I HAVE HAD THE CONDITIONS OF *719 THIS PAROLE EXPLAINED TO ME. I ASSUME CUSTODY OF Dennis Paul Shillingford MSP NO. 36828 THIS DATE, BEING FULLY AWARE OF THE CONDITIONS AS SET FORTH ON THIS SUBJECTS CERTIFICATE OF PAROLE AND DO HEREBY AGREE TO ABIDE BY THOSE CONDITIONS.”
Petitioner never advised the Parole Board that he had appealed the federal sentences, but as soon as he arrived at the city jail in Jackson he “started taking steps to post a $25,000 appeal bond.” He posted this appeal bond and was about to be released when the State penitentiary authorities picked him up and returned him to Parchman.
At the hearing on the habeas corpus petition, Williams, resident parole officer at Parchman, testified that he specifically told Shillingford that it was the intention of the State Parole Board that he remain in custody and that he could not make bond. Shillingford denied that he had been so informed.
In Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the Supreme Court of the United States said:
“[P] aróle is an established variation on imprisonment of convicted criminals. Its purpose is to help individuals reintegrate into society as constructive individuals as soon as they are able, without being confined for the full term of the sentence imposed. It also serves to alleviate the costs to society of keeping an individual in prison. The essence of parole is release from prison, before the completion of sentence, on the condition that the prisoner abide by certain rules during the balance of the sentence.” 408 U.S. at 477, 92 S.Ct. at 2598, 33 L.Ed.2d at 492. [Emphasis added],

“Implicit in the system’s concern with parole violations is the notion that the parolee is entitled to retain his liberty as long as he substantially abides by the conditions of his parole.” 408 U.S. at 479, 92 S.Ct. at 2599, 33 L.Ed.2d at 493.
It is perfectly apparent to us that Shill-ingford’s release to Federal detainer only was not a parole but was really a transfer of custody from the State penitentiary to a Federal penitentiary. The State Probation and Parole Board did not even consider Shillingford from the standpoint of rehabilitation and a return to society.
The circuit court, in its order dismissing the petition for writ of habeas corpus, found:
“[I]t was the manifested intention of the Mississippi Probation and Parole Board not to grant to Relator the usual and ordinary parole but to transfer him to Federal custody for actual confinement; that said Board was not estopped from returning Relator to the Mississippi State Penitentiary because of any possible misunderstanding of the parole conditions; and that the parole revocation procedures required by the United States Supreme Court case of Morrissey v. Brewer, 408 U.S. 471 [92 S.Ct. 2593, 33 L.Ed.2d 484] (1972), do not apply in this case.” [Emphasis added].
We agree with the circuit court.
Mississippi Code Annotated Section 47-7-17 (1974 Supp.), provides in part:
“Within one (1) year after his admission and at such intervals thereafter as it may determine, the board shall secure and consider all pertinent information regarding each prisoner, except any under sentence of death, including the circumstances of his offense, his previous social history and criminal record, his conduct, employment and attitude in prison, and the reports of such physical and mental examinations as have been made. The board shall furnish at least three (3) months’ written notice to each such inmate of the date on which he is eligible for parole.
“ ... A parole shall be ordered only for the best interest of society, not *720 as an award of clemency; it shall not be considered to be a reduction of sentence or pardon. A prisoner shall be placed on parole only when arrangements have been made for his proper employment or for his maintenance and care, and when the board believes that he is able and willing to fulfill the obligations of a law-abiding citizen. .
“ . . . The board may adopt such other rules not inconsistent with law as it may deem proper or necessary, with respect to the eligibility of prisoners for parole, the conduct of parole hearings, or conditions to be imposed upon parolees.” [Emphasis added].
It is our opinion that the Parole Board did not have authority to issue a release to detainer only and, under the guise of such an instrument, to transfer custody of Shill-ingford from the State penitentiary to a Federal penitentiary. That which the Parole Board did in this case was void from the beginning and Shillingford has no right to complain of this void order of transfer.
This is a matter for the Legislature to solve. The State Parole Board can only do what the Legislature authorizes it to do. Thus far, it has not been authorized to transfer custody of a prisoner from the State penitentiary to a Federal institution.
The judgment of the circuit court dismissing the petition for writ of habeas corpus is affirmed.
Affirmed.
RODGERS, P. J., and PATTERSON, INZER, SMITH, WALKER and BROOM, JJ., concur.